CRUZ, DEMANDANTE Y APELANTE, *v.* SUCESIÓN DE MANUEL JIMÉNEZ CRUZ, DEMANDADOS Y APELADOS, Y DELGADO ET AL., INTERVENTORES Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre nulidad de arrendamiento. Moción de prórroga.

No. 2325.—Resuelto en enero 13, 1921.

JURISDICCIÓN DEL TRIBUNAL SUPREMO—PRÓRROGAS PARA PRESENTAR LA EXPOSICIÓN DEL CASO—TRANSCRIPCIÓN.—El Tribunal Supremo carece de jurisdicción para conceder, a un apelante que estaba tratando de formalizar en tiempo en la corte de distrito la exposición del caso, una prórroga para presentarla en el Tribunal Supremo a fin de adicionarla al legajo de la sentencia que había sido radicado prematuramente en esta Corte.

Los hechos están expresados en la opinión.

Abogado de la demandante: *Sr. José de Guzmán Benítez.*

Abogados de los demandados: *Sres. F. González y L. Jiménez.*

Abogado de los interventores-apelantes: *Sr. A. Dones.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En este caso la Corte de Distrito de Humacao dictó sentencia en junio 25 de 1920, siendo notificada a las partes el día 28 de junio. Existe ante nos un escrito de apelación de fecha julio 9 de 1920, pero que fué radicado en la secretaría en julio 19 de 1920. En 22 de julio los apelantes comparecieron en la Corte de Distrito de Humacao haciendo una petición en la que manifestaban que habían apelado de la sentencia dictada en el caso y que de acuerdo con la Ley No. 27 de noviembre 27 de 1917 y su enmienda de fecha junio 26 de 1919, pedían a la corte que prorrogara los diez días para radicar el pliego de excepciones y exposición del caso por treinta días más y que la transcripción de la evidencia que habría de formar parte de la exposición del caso debía ser preparada por el taquígrafo dentro del período de la prórroga. La corte concedió a los apelantes los treinta días solicitados para presentar el pliego de excepciones y la exposición del caso, pero negó la moción en cuanto a la preparación de las notas taquigráficas por haber renunciado su empleo y encontrarse ausente en los Estados Unidos el taquígrafo que tomó dichas notas taquigráficas. Procedimientos semejantes a éstos fueron, según parece, seguidos por otros apelantes con igual resultado por parte de la corte, pero sea como fuere, los apelantes al hacer presente sus dificultades respecto a la preparación del pliego de excepciones y exposición del caso, así como también de la dificultad o imposibilidad de ponerse en comunicación con el taquígrafo, presentaron otra moción para que se prorrogara el término, a fin de que dicho término en conjunto fuera de cincuenta días, y la corte accedió a su solicitud en agosto 6 y concedió un término total de cincuenta días a partir de los diez días que primeramente fueron concedidos a los apelantes.

En septiembre 22, 1920, se radicó una transcripción en esta corte, la que, según se ha admitido, consistía únicamente del legajo de la sentencia y quizás de las mociones en procedimientos subsiguientes a dicha sentencia. Hacia la misma fecha, al parecer, aunque no lo encontramos completamente expresado en los autos, los apelantes radicaron otra moción de prórroga en la Corte de Distrito de Humacao. Una certificación que no está jurada y aislada, del Secretario de la Corte de Distrito de Humacao, muestra que estaba pendiente cierta moción en la Corte de Distrito de Humacao en este caso y en la vista en este tribunal prácticamente quedó admitido que existía una moción para prorrogar el término. Asimismo, entendemos que la moción para la nueva prórroga fué radicada dentro de los cincuenta días concedidos por la Corte de Distrito de Humacao.

Junto con la transcripción en este caso los apelantes radicaron una moción de prórroga para radicar la exposición del caso y pliego de excepciones en esta corte y Adolph G. Wolf, Juez Presidente Accidental, prorrogó el término a treinta días. Una moción semejante a ésta se hizo en noviembre 26 que fué concedida por la corte. En diciembre 11 de 1920 los apelantes radicaron otra moción de prórroga que fué señalada para vista y discutida en diciembre 20 de 1920.

Los apelados insisten en que esta corte no debe permitir a un apelante que radique su transcripción por partes y que los autos en conjunto debieron haber sido presentados de una vez en esta corte. Los apelados insisten en el hecho de que, habiéndose elegido el radicar la transcripción en esta corte, los apelantes han agotado sus derechos con respecto a la radicación de tal transcripción. Llaman la atención acerca del hecho de que había una moción pendiente en la Corte de Distrito de Humacao y que hasta tanto no se resolviera la referida moción, los apelantes no tenían obligación alguna de radicar la transcripción, pero nos inclinamos a

creer que los apelantes en tanto dicha moción de prórroga esté pendiente tienen el derecho, si fuere necesario, de radicar una nueva transcripción y nosotros seguramente que tenemos autoridad para permitir la radicación de una adición a los autos si preferimos ejercer de este modo nuestra discreción.

La moción presentada no fué una solicitud para reformar o adicionar los autos como lo autoriza la Regla 55 del Reglamento de este tribunal. Somos, por tanto, de opinión de que este tribunal carecía absolutamente de facultad para conceder las prórrogas que fueron concedidas por el Juez Presidente Accidental y la corte. Que como había una moción de prórroga pendiente en la Corte de Distrito de Humacao y esa corte no se había negado a aprobar ningún pliego de excepciones o exposición del caso, o notas taquigráficas, esa corte era la única que estaba investida de autoridad para conceder tal prórroga; que el único medio que los apelantes tendrían, de acuerdo con nuestras reglas, era solicitar permiso para adicionar los autos o corregirlos y que esto sólo podría hacerse presentándose a esta corte los autos que se pretendían adicionar.

Creemos que toda la dificultad surge de haber sido radicada la transcripción demasiado pronto en esta corte; pero de todos modos, aún cuando tuviéramos discreción, no nos sentimos dispuestos a ejercitarla hasta tanto se hayan presentado los autos corregidos.

Las resoluciones de octubre 26 y noviembre 26 de 1920, deben ser anuladas y negada la solicitud de prórroga.

*Anuladas las prórrogas concedidas y denegada la que se solicita.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.